OPINION OF THE COURT
Lawrence E. Kahn, J.
This special proceeding, seeking relief pursuant to article 16 of the Election Law was commenced on June 28, 1982. It sought to prohibit Harold Baer, Jr., from withdrawing as the candidate of the Liberal Party for the office of Lieutenant Governor of the State of New York, or from becoming a candidate of said party for the office of Supreme Court Justice, together with ancillary relief relating thereto.
On June 19, 1982, Harold Baer, Jr., was nominated for Lieutenant Governor by the State committee of the Liberal Party. At said time, Mario Cuomo was also named as their candidate for Governor. Thereafter, on June 21, 1982, Mr. Baer filed his certificate of acceptance as the designee for Lieutenant Governor.
The proceeding before this court alleges that, as of June 28, 1982, Mr. Baer had not accepted the nomination in good faith and that he intended to accept a nomination for judicial office and withdraw as the candidate for Lieutenant Governor, thus allowing a substitution of a different *322 candidate, depending on the outcome of the Democratic primary for Lieutenant Governor. Mr. Baer was not a candidate for said office in the Democratic primary.
The respondents cross-moved on the return of the order to show cause for an order granting summary judgment dismissing the verified petition. In support of their cross motion, petitioners submitted the affidavit of Mr. Baer which affirmed, under the penalties of perjury, that the allegation that he was not a bona fide candidate for Lieutenant Governor was untrue. In his affidavit, dated July 10, 1982, Mr. Baer stated that he had not made promises and was asked for none, “except to run as a committed candidate on the platform of the Liberal Party for election in November”. By decision dated August 3, 1982, the Honorable Con. G. Cholakis denied respondents’ motion to dismiss the petition and transferred the proceeding to a Trial Term of this court for the County of Albany.
The prospective scenario alleged in the petition has now become history, and the trial of this matter has been completed. Indeed, as if possessed of a crystal ball, the petitioners foresaw the future with precise clarity. It has come to pass that Mr. Baer has requested and received a nomination for Justice of the Supreme Court on the Liberal Party line. The vacancy thereby created for the position of Lieutenant Governor has been filled by Alfred Di Bello, the winner of the Democratic primary for Lieutenant Governor. Petitioners seek to have this process annulled, and the candidacy of Harold Baer, Jr., for the office of Lieutenant Governor of the State of New York on the Liberal Party line reinstated.
The evidence at trial established that the scheme of using stand-in candidates has been widely utilized by the respondent Liberal Party. Although Mr. Baer may have been prepared to continue as the candidate in the event Mario Cuomo was unsuccessful in the Democratic primary, he candidly acknowledged that he immediately removed himself from candidacy as soon as Mr. Cuomo emerged victorious in the Democratic gubernatorial primary. However, the issue is not whether the scheme to utilize stand-in candidates exists in this situation, for the Court of Appeals has refused to prohibit such a practice (Matter of Mahoney *323 v May, 40 NY2d 906). To be successful in the instant proceeding, petitioners must submit “evidence, beyond the practice itself, to establish actual deception of the voters or members of the party involved” (supra, p 907).
Petitioners assert that Mr. Baer’s unequivocal affidavit of July 10, 1982, wherein he asserts that he is a bona fide candidate, is sufficient to distinguish the case at bar from prior court decisions. They assert that the Baer affidavit itself establishes deception sufficient for the test set forth by the Court of Appeals in Mahoney (supra).
The Court of Appeals, in discussing the practice of substitution, stated that no one is or should be deceived. Petitioners point to Mr. Baer’s aforesaid affidavit and assert that but for the deception contained therein, an opportunity would have presented itself whereby alternative measures could have been undertaken to insure that a bona fide Liberal Party candidate was nominated for the office of Lieutenant Governor. They assert that Mr. Baer’s affidavit prevented this occurrence. While this allegation may or may not be true, there was no evidence adduced at trial to substantiate it. No testimony was offered to establish “actual deception of the voters or members of the party.”
Petitioners did establish that a scheme of substitution existed to insure the identity of the candidates for Governor and Lieutenant Governor on the Liberal and Democratic Party lines. However, this court’s disfavor of such tactics, and its particular displeasure with the exploitation of the judicial nominating process, nevertheless, does not permit judicial intervention. To negate respondents’ activities, the Court of Appeals has held that petitioners must prove that voters or members of the Liberal Party were actually deceived by these practices. Having failed to do so, the relief requested must be denied.
The petition for an order pursuant to article 16 of the Election Law prohibiting Harold Baer, Jr., from withdrawing as the candidate of the Liberal Party for the office of Lieutenant Governor of the State of New York, or from accepting a candidacy of the Liberal Party for any judicial office, and seeking further relief incidental thereto, shall be dismissed.